IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHAMMED ALI ALI ALMADHRHI, et al., | § § § | |
| Plaintiffs-Petitioners, | § § | |
| VS. | § § | Civil Action No. 3:25-CV-1154-D |
| USCIS TEXAS SERVICE CENTER, et al., | § § § | |
| Defendants-Respondents. | § § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs-petitioners Mohammed Ali Ali Almadhrhi ("Almadhrhi") and Hailah Hasan

Murshed Al-Moraisi ("Al-Moraisi") (collectively, "plaintiffs") seek mandamus, declaratory,

and injunctive relief compelling defendants-respondents (collectively, "defendants") to

adjudicate the I-130 petition that Almadhrhi filed on behalf of Al-Moraisi, his non-citizen

spouse. Defendants U.S. Citizenship and Immigration Services ("USCIS"), Pamela Bondi,

in her official capacity as U.S. Attorney General, Kristi Noem, in her official capacity as U.S.

Secretary of Homeland Security, and Kika Scott, in her official capacity as Director of

USCIS, move  under Fed. R. Civ. P. 12(b)(1) to dismiss plaintiffs' claims under the

Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28

U.S.C. § 1361, and move under Rule 12(b)(6) to dismiss plaintiffs' due process claim. For

the reasons that follow, the court denies defendants' Rule 12(b)(1) motion, grants defendants'

Rule 12(b)(6) motion, and grants plaintiffs leave to replead.

I

Almadhrhi is a permanent resident in the United States. His spouse, Al-Moraisi, resides in Yemen. On June 10, 2024 Almadhrhi filed an I-130 petition with USCIS on Al-Moraisi's behalf. The purpose of the I-130 petition is to establish a qualifying relationship between a permanent resident and an immediate relative, which then permits the relative to take additional steps to pursue permanent residency in the United States.

Almadhrhi and Al-Moraisi filed this suit on May 7, 2025, alleging that, although 11 months had elapsed since Almadhrhi submitted the I-130 petition, USCIS had not yet adjudicated the petition. Almadhrhi and Al-Moraisi assert that, as a result of the delay, they have experienced, *inter alia*, financial and emotional strain. They therefore sue under the APA and the Mandamus Act to compel action to adjudicate the petition. They also allege that the failure to adjudicate the petition violates their right to procedural due process. Defendants move to dismiss the APA and Mandamus Act claims under Rule 12(b)(1) and the procedural due process claim under Rule 12(b)(6).[1] The court is deciding the motion on the briefs, without oral argument.

II

The court first addresses defendants' motion to dismiss the APA and Mandamus Act claims under Rule 12(b)(1). Defendants contend for three reasons that plaintiffs' APA claim

---

[1]Although defendants filed their motion on July 25, 2025 [ECF 9], the motion was not ripe until January 12, 2026, when they filed their reply brief, because the court granted unopposed motions to extend the briefing deadlines.

fails: first, because this court lacks subject matter jurisdiction over this claim; second, because the claim is not ripe; and, third, because they cannot meet the standing requirement of redressability.

A

Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To determine whether it has jurisdiction in a case asserting federal question jurisdiction under 28 U.S.C. § 1331, the district court "must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946). "When a federal claim appears on the face of the complaint, '[d]ismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, *i.e.*, a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision.'" *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (alteration in original) (quoting *Bell v. Health-Mor*, 549 F.2d 342, 344 (5th Cir.1977)). Accordingly, "the pleading burden to establish federal question jurisdiction is low[.]" *Id.* (explaining that only federal claims "patently without merit" justify dismissal for lack of jurisdiction); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal

- 3 -

controversy.'" (citation omitted)).

The APA does not provide an independent basis for subject matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). "But the APA, in conjunction with this Court's federal-question jurisdiction, 28 U.S.C. § 1331, may vest the Court with jurisdiction" over a case like this one. *Mysaev v. U.S. Citizenship & Immigr. Servs.*, 2022 WL 2805398, at *4 (N.D. Tex. July 18, 2022) (Boyle, J.) (quoting 5 U.S.C. § 706(1)). The APA confers jurisdiction on a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The immigration statutes and regulations do not prescribe an enforceable deadline by which USCIS is required to adjudicate petitions. *See Heidarnejad v. U.S. Citizenship & Immigr. Servs.*, 721 F.Supp.3d 520, 525 (W.D. Tex. 2024). But federal law provides that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). "Courts have determined from this that the Government has a non-discretionary duty to adjudicate applications within a reasonable time." *Ahmed v. Bitter*, 727 F.Supp.3d 630, 636 (S.D. Tex. 2024) (citations omitted); *see, e.g., Ahmadi v. Chertoff*, 522 F.Supp.2d 816, 819 & n.4 (N.D. Tex. 2007) (Godbey, J.) (collecting cases). "This means in turn that jurisdiction exists as a federal question under § 706(1) of the APA as to action seeking to compel the Government to observe the reasonable-time mandate with respect to adjudication of Plaintiff's . . . application." *Ahmed*, 727 F.Supp.3d at 636.

Defendants maintain that, because Almadhrhi and Al-Moraisi have not shown an

- 4 -

unreasonable delay in the adjudication of the I-130 petition, the court lacks subject matter jurisdiction over their APA claim. Almadhrhi and Al-Moraisi respond that they have sufficiently alleged an unreasonable delay.

The court holds that it has subject matter jurisdiction over Almadhrhi and Al-Moraisi's APA claim. Their suit seeks to compel defendants to observe the APA's reasonable-time mandate with respect to the I-130 petition. At the time they filed this suit, the petition had been pending for 11 months. Almadhrhi and Al-Moraisi allege that defendants have subjected them to indefinite processing, have not interviewed them, and have violated their statutory duties to adjudicate the I-130 petition. Their complaint is "neither wholly insubstantial and frivolous nor patently without merit, such that the court is deprived of subject matter jurisdiction." *Kayihura v. Garland*, 2024 WL 2868995, at *3 (N.D. Tex. June 6, 2024) (Fitzwater, J.). Because Almadhrhi and Al-Moraisi have pleaded a colorable APA claim, defendants' jurisdictional challenge fails. *See Bolivarian Republic of Venez. v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 183-84 (2017) ("[I]n *Bell v. Hood*, this Court held that the 'arising under' statute confers jurisdiction if a [petitioner] can make a nonfrivolous argument that a federal law provides the relief he seeks—even if, in fact, it does not."); *Al-Juburi v. Chertoff*, 2007 WL 2285964, at *2 (N.D. Tex. Aug. 9, 2007) (Fitzwater, J.) (denying Rule 12(b)(1) motion to dismiss APA claim where court was unable to conclude that plaintiffs' complaint was wholly insubstantial and frivolous or that it was patently without merit); *Sawan v. Chertoff*, 589 F.Supp.2d 817, 824-25 (S.D. Tex. 2008) (Rosenthal, J.) ("Although [plaintiff's] [APA] claim may ultimately fail on the merits,

- 5 -

it is not so insubstantial and frivolous as to defeat subject-matter jurisdiction.").

B

Defendants maintain that plaintiffs' APA and Mandamus Act claims are not ripe. The ripeness doctrine's "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements[.]" *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (citations omitted). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987).

Defendants contend that Almadhrhi and Al-Moraisi's claims are not ripe because there is not an available visa number. Relying on USCIS's website, defendants maintain that USCIS service centers prioritize adjudication of I-130 petitions that have priority dates associated with visa numbers that are available or will soon be available. USCIS prioritizes petitions in this manner because "beneficiaries of a [I-130] petition must wait until a visa number is available before they can take the next step to apply for an immigrant visa or adjustment of status to lawful permanent residence." Compl. (ECF No. 1-1) Ex. A. Almadhrhi and Al-Moraisi respond that their claims are ripe because their injury arises from USCIS's failure to adjudicate their pending I-130 petition, not the failure to issue a visa.

The court concludes that plaintiffs' APA and Mandamus Act claims are ripe. There

- 6 -

is no further factual development needed here.  Approval of an I-130 petition establishes a qualifying relationship between the lawful permanent resident and his relative.  This is a prerequisite to applying for an immigrant visa.  And while USCIS "*may* wait to process I-130 forms until closer to the time when a visa number will become available," Compl. (ECF No. 1-1) Ex. A. (emphasis added), there is no indication that it will not process an I-130 petition before a visa number issues such that this claim is not ripe.[2]  The I-130 petition had been pending for 11 months as of the date the complaint was filed, and the only question presented is the legal one of whether defendants have observed the reasonable time mandate.  *See Sutton v. Napolitano*, 986 F.Supp.2d 948, 961-62 (W.D. Wis. 2013) (concluding that APA claim was ripe where plaintiff was "asking the court to compel a decision . . . on the I-130 petition"); *cf. Heidarnejad*, 721 F.Supp.3d at 524-25 (considering whether there has been an unreasonable delay in processing plaintiff's I-130 petition that had been pending for 19 months).  The court therefore denies defendants' Rule 12(b)(1) motion to dismiss to the extent it is based on ripeness grounds.

---

[2]In their reply brief, defendants' identify a policy memorandum that USCIS issued. In the memorandum, USCIS placed a hold on pending benefit requests from non-citizens originating from countries listed in a Presidential Proclamation issued in June 2025.  One of the listed countries is Yemen.  Yet the policy memorandum does not appear to place a hold on pending I-130 petitions.  *See* USCIS Policy Memorandum, Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from H i g h - R i s k   C o u n t r i e s   ( D e c .   2 ,   2 0 2 5 ) , https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0192-PendingApplicationsHighRiskCountries-20251202.pdf.

C

To establish standing, plaintiffs must show that it is likely that a favorable decision will redress their injury. *E.T. v. Paxton*, 41 F.4th 709, 726 (5th Cir. 2022). Defendants contend that Almadhrhi and Al-Moraisi cannot satisfy the standing requirement of redressability because there is no visa number currently available for I-130 petitions filed in June 2024. And, they posit, because there is no visa number available, USCIS cannot issue a visa to Al-Moraisi.

The court concludes that plaintiffs' alleged injury is redressable. Almadhrhi filed an I-130 petition to establish a qualifying relationship between him and Al-Moraisi. Almadhrhi and Al-Moraisi allege injuries stemming from the delay in adjudicating the I-130 petition, and the relief that they request is for defendants to adjudicate the pending petition, not adjudicate an application that could result in the immediate issuance of a visa to Al-Moraisi. *See Zoroofchi v. Rubio*, 2025 WL 928607, at *3 (D.D.C. Mar. 27, 2025) (explaining that plaintiffs' unreasonable delay claims were redressable because defendant could direct that pending applications be decided within a reasonable time).

Defendants reliance on *Museboyina v. Jaddou* is unavailing. There the plaintiff's claims arose out of USCIS's delay in adjudicating his I-485 application to adjust his immigration status to that of a lawful permanent resident. *Museboyina v. Jaddou*, 2023 WL 1438666, at *1-2 (D. Neb. Feb. 1, 2023). Unlike an I-130 petition, for an I-485 application to be approved, a visa number must be available. *See id.* Because the plaintiff's application did not have an available visa number and USCIS cannot issue visas contrary to limits set by

- 8 -

Congress, the court concluded that requiring USCIS to adjudicate his I-485 application would not have redressed his injury. *See id.* at *2, 8. Accordingly, the court denies defendants' Rule 12(b)(1) motion to dismiss.

D

The court also has jurisdiction over Almadhrhi and Al-Moraisi's Mandamus Act claim.

The Mandamus Act confers district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "A district court's decision not to exercise jurisdiction under the mandamus statute . . . is a discretionary one[.]" *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam) (citation omitted). "But mandamus jurisdiction does exist 'if the action is an attempt to compel [an agency] to perform an allegedly nondiscretionary duty owed to the plaintiff.'" *Ahmed*, 727 F.Supp.3d at 636 (quoting *Wolcott v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011)).

Defendants contend that this court lacks jurisdiction over the Mandamus Act claim because Almadhrhi and Al-Moraisi "have failed to allege sufficiently that Defendants have unreasonably delayed adjudication of [the] petition." D. Br. (ECF No. 9) 9. The court disagrees. Because the instant action is an attempt to compel defendants to perform an allegedly nondiscretionary duty—namely, observing the reasonable-time mandate for adjudicating an I-130 petition—mandamus jurisdiction exists. *See Kayihura*, 2024 WL 2868995, at *3; *Ali v. Frazier*, 575 F.Supp.2d 1084, 1089 (D. Minn. 2008) ("Neither

- 9 -

[plaintiff's] mandamus claims nor his APA claims are so frivolous that they should be dismissed for lack of subject-matter jurisdiction."); *Sawan*, 589 F.Supp.2d at 822-25 (same). Therefore, the court denies defendants' Rule 12(b)(1) motion to dismiss the Mandamus Act claim.

III

Defendants also move under Rule 12(b)(6) to dismiss Almadhrhi and Al-Moraisi's procedural due process claim.[3]

A

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiffs' [] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[3]In their response brief, Almadhrhi and Al-Moraisi maintain that their allegations also support a substantive due process claim. Their complaint, however, only alleges a procedural due process claim.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.

## B

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."  *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  But due process, "unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances"; instead, it is "flexible and calls for such procedural protections as the particular situation demands."  *Id.* at 334 (citations omitted).

Defendants maintain that Almadhrhi and Al-Moraisi's procedural due process claim fails because there has not been an unreasonable delay in adjudicating the I-130 petition. And, defendants add, even assuming that there has been an unreasonable delay, plaintiffs

have failed to allege a constitutionally protected liberty or property interest. Almadhrhi and Al-Moraisi respond that USCIS's adjudication process has deprived them of due process and that they have alleged a protected liberty interest.

Neither Almadhrhi nor Al-Moraisi has pleaded a plausible procedural due process claim. Almadhrhi and Al-Moraisi maintain that they have been deprived of due process because of USCIS's delay in adjudicating the I-130 petition. When they filed their complaint, the petition had been pending for 11 months. This delay is not unreasonable *per se*. *See Li v. Jaddou*, 2023 WL 3431237, at *1 (5th Cir. May 12, 2023) (per curiam) ("[T]here is no clear mandate here such that we can say the USCIS was required to act within six months, or even within a year." (emphasis omitted)); *Heidarnejad*, 721 F.Supp.3d at 524-25 (concluding that 19 month delay in adjudicating plaintiff's I-130 petition was not unreasonable).[4] Because plaintiffs have failed to plausibly plead that the alleged delay in adjudicating the I-130 petition was unreasonable, their procedural due process claim fails. *See Timilsina v. Bryson*, 2023 WL 5517218, at *4 (N.D. Tex. Aug. 25, 2023) (Fitzwater, J.) (concluding that married couple's procedural due process claim failed because adjudication

---

[4]*Li* and *Heidarnejad*'s determinations as to the unreasonableness in USCIS's delay in adjudication pertained to the APA claims that the plaintiffs brought in each case. But the "'failure to sufficiently plead that the delay in question was unreasonable [under the APA] also fails to establish a defect in the administrative process' for purposes of a due process claim." *Aslam v. U.S. Dep't of State*, 2023 WL 6163969, at *15 (D. Utah Sept. 21, 2023) (alteration in original) (quoting *Mahmood v. U.S. Dep't of Homeland Sec.*, 2021 WL 5998385, at *10 (D.D.C. Dec. 20, 2021)); *see Hamal v. U.S. Dep't of Homeland Sec.*, 2020 WL 2934954, at *4 (D.D.C. June 3, 2020) (concluding the same). Accordingly, these decisions are pertinent to whether the procedural due process claim fails.

- 12 -

of I-130 petition comported with due process).[5]

## IV

"Because the court's usual practice when granting a motion to dismiss is to permit a plaintiff at least one opportunity to replead, the court will give [plaintiffs] an opportunity to amend [their] complaint." *Shah v. Univ. of Tex. Sw. Med. Sch.,* 54 F.Supp.3d 681, 707 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.)). Almadhrhi and Al-Moraisi must file their amended complaint[6] no later than 28 days after the date this memorandum opinion and order is filed.

\*   \*   \*

For the reasons explained, the court denies defendants' Rule 12(b)(1) motion to dismiss, grants defendants' Rule 12(b)(6) motion to dismiss, and grants plaintiffs leave to

---

[5]Almadhrhi and Al-Moraisi premise their procedural due process claim on a "liberty interest" to make "personal choices regarding family matters in a manner that is free from unjustifiable government interference in said choices." Compl. (ECF No. 1) ¶ 118. The procedural due process claim likely fails for the independent reason that the delay in adjudicating the I-130 petition does not infringe upon their alleged liberty interest. *See Siddhantam v. Sessions*, 2018 WL 4053366, at \*5 (N.D. Tex. Aug. 24, 2018) (Scholer, J.) (dismissing due process claim in part because denial of I-130 petition did not prevent couple from living together outside of the United States).

[6]The amended complaint can be in the form of an amended petition for writ of mandamus and amended complaint for declaratory and injunctive relief.

- 13 -

replead.

**SO ORDERED**.

February 26, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE